UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SALVADOR T. TUSA, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 23-1770 |
| ISRAEL & SYLVIA GOLDBERG PROPERTIES, L.L.C., ET AL. | * | SECTION "T" (2) |

**ORDER AND REASONS**

Pending before me on expedited consideration is Defendants Israel & Sylvia Goldberg Properties, LLC and Hartford Underwriters Insurance Company's Motion to Quash Subpoenas. ECF No. 64.  Plaintiffs Salvador T. Tusa and Central Grocery Company, L.L.C. timely filed an Opposition Memorandum, and Defendants timely filed a Reply Memorandum.  ECF Nos. 70, 71.  No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, the Motion to Quash will be construed as a Motion for Protective Order and GRANTED IN PART AND DENIED IN PART on that basis for the reasons stated herein.

**I.      BACKGROUND**

Plaintiffs Salvador Tusa and Central Grocery Company, L.L.C. filed suit against their neighbor Israel & Sylvia Goldberg Properties, LLC and Starstone National Insurance Company to recover for damages when the wall at 925 Decatur fell onto the roof of 921-23 Decatur during Hurricane Ida.  ECF No. 2-1 ¶ 12 at 3.

By Order dated September 28, 2023, Judge Guidry established a discovery deadline of March 25, 2024.  ECF No. 16 at 2.  By Order dated December 14, 2023, Judge Guidry extended the discovery deadline to July 12, 2024.  ECF No. 32.  Although Judge Guidry continued additional

certain deadlines by Order dated August 5, 2024 and severed the trial of the cross-claims, he did not again extend the discovery deadline.  ECF No. 61, 63.  Therefore, the discovery period (other than expert-related discovery and motions) ended on July 12, 2024.  Despite that deadline, on August 2, 2024, Plaintiffs issued Subpoenas Duces Tecum to three non-parties:  Terminix Service Company, Sedgwick Claims Management Services, Inc., and EFI Global, Inc., with return dates of August 22, 2024.  ECF No. 64-2.

Defendants now seeks to quash the three subpoenas as being untimely issued and having been issued without first notifying Defendants.  ECF No. 64-1 at 1-2.

In Opposition, Plaintiffs argue that the parties agreed to conduct Defendants' representative Max Goldberg's deposition after the discovery deadline, on July 18, 2024, and it was not until this deposition that they learned that Defendants had not produced a report from Terminix despite having been requested to provide same in the April 15, 2024, Request for Production No. 22.  ECF No. 70 at 2.  Plaintiffs also argue that Defendants lack standing to quash any of the subpoenas because it has neither a privacy interest in same nor possession or control of the materials sought.  *Id.* at 3-4.

In Reply, Defendants argue they have standing, and this court has previously quashed subpoenas issued after the discovery deadline.  ECF No. 71 at 1-2.  Defendants also argue that Plaintiffs were well aware of Sedgewick and EFI Global, and nothing justifies their failure to seek discovery in a timely manner.  *Id.* at 3.  Defendants also argues that other documents identified Terminix, Defendants objected to Plaintiffs' Request for Production No. 22, and Plaintiffs did not file a motion to compel.  *Id.* at 3-5.

II.     APPLICABLE LAW AND ANALYSIS

    A. **Third Party Discovery**

Under Federal Rule of Civil Procedure 45, a party may serve a subpoena that commands a nonparty to whom it is directed to, among other things, attend and testify in a deposition at a specified time and place. Third-party subpoenas are discovery devices which, although governed in the first instance by Rule 45, are also subject to the parameters established by Rule 26.[1] In addition, Rule 45 provides additional protections when subpoenas duces tecum are issued to non-parties. Specifically, the party issuing a subpoena to a non-party "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." FED. R. CIV. P. 45(d)(1).

A party may suspend the obligation to comply with a subpoena by timely filing written objections or a motion to quash. FED. R. CIV. P. 45(d)(2)(B)(ii); 45(d)(3). On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (1) fails to allow a reasonable time to comply; (2) requires a person to comply beyond the geographical limits specified in Rule 45(c); (3) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (4) subjects a person to undue burden. FED. R. CIV. P. 45(d)(3). Generally, modification of a subpoena is preferable to quashing it outright.[2] "Both Rules 45 and 26 authorize the court to modify a subpoena duces tecum when its scope exceeds the boundaries of permissible discovery or otherwise violates the parameters of Rule 45."[3]

---

[1] *In re Application of Time, Inc.*, No. 99-2916, 1999 WL 804090, at *7 (E.D. La. Oct. 6, 1999), *aff'd*, 209 F.3d 719 (5th Cir. 2000).
[2] *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004); *Tiberi v. CIGNA, Ins. Co.*, 40 F.3d 110, 112 (5th Cir. 1994); *see also Linder v. Nat'l Sec. Agency*, 94 F.3d 693, 698 (D.C. Cir. 1996) ("[M]odification of a subpoena is generally preferred to outright quashing....").
[3] *Hahn v. Hunt*, No. 15-2867, 2016 WL 1587405, at *2 (E.D. La. Apr. 20, 2016), *aff'd*, 2016 WL 6518863 (E.D. La. Nov. 2, 2016).

The person filing the motion to quash has the burden of proof to demonstrate that compliance would impose undue burden or expense.[4] To determine whether the subpoena presents an undue burden, the Fifth Circuit considers the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed.[5] "Whether a burdensome subpoena is reasonable must be determined according to the facts of the case, such as the party's need for the documents and the nature and importance of the litigation."[6] "Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party."[7]

### B. Standing to Quash or Modify Third Party Subpoenas

A party may not seek to quash a subpoena directed to a third party when the party is not in possession of the materials subpoenaed and does not allege any personal right or privilege with respect to the materials subpoenaed because the party lacks standing.[8] Further, a party cannot

---

[4] *See Wiwa*, 392 F.3d at 818; *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (citations omitted) (party resisting discovery must show why each discovery request is not relevant or otherwise objectionable).

[5] *Wiwa*, 392 F.3d at 818 (internal citations omitted).

[6] *Id.* (internal citations and quotation marks omitted).

[7] *Id.* (internal citations omitted).

[8] *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979) (citations omitted) (ruling movants lacked standing because they were not in possession of the materials subpoenaed and had no personal right or privilege in the materials subpoenaed); *Black v. DMNO, LLC*, No. 16-2708, 2018 WL 488991, at *2 (E.D. La. Jan. 19, 2018) ("[I]n order to challenge the subpoena, the movant must be: in possession or control of the requested material; be the person to whom the subpoena is issued; or have a personal right or privilege in the subject matter of the subpoena.") (citations omitted); *Bounds v. Cap. Area Fam. Violence Intervention Ctr., Inc.*, 314 F.R.D. 214, 218 (M.D. La. 2016) ("Parties have limited standing to quash subpoenas served on non-parties pursuant to Rule 45.") (citation omitted); *see also Weatherly v. State Farm Fire & Cas. Ins. Co.*, No. 07-4371, 2009 WL 1507353, at *2 (E.D. La. May 28, 2009) (holding that defendant did not have standing to challenge the subpoena where it had no privilege over the documents); *Guzman v. Latin Am. Ent., LLC*, No. 13-41, 2014 WL 12599345, at *1 (S.D. Tex. July 2, 2014) (Costa, J.) (citing *U.S. Bank Nat. Ass'n v. James*, 264 F.R.D. 17, 18–19 (D. Maine 2010) ("The general rule is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought.")); *Frazier v. RadioShack Corp.*, No. 10-855, 2012 WL 832285, at *1 (M.D. La. Mar. 12, 2012) ("As an initial matter, it should be noted that a plaintiff cannot challenge a Rule 45 subpoena directed to a third party on the basis that it violates another person's privacy rights . . . that the subpoena is overly broad, or that the subpoena seeks information that is

challenge a Rule 45 subpoena directed to a third party on the basis that the subpoena is overly broad or seeks irrelevant information because only the responding third party can object and seek to quash a Rule 45 subpoena on those grounds.[9]

A party who lacks standing under Rule 45 does, however, has standing to seek relief under Rule 26(c).[10]  Under Rule 26, a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). "Good cause" exists when disclosure will result in a clearly defined and serious injury to the party seeking the protective order.[11]  In determining good cause, the court must balance the risk of injury without the protective order and the requesting party's need for information.[12]  The party seeking the protective order bears the burden of showing that a protective order is necessary, "which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements."[13]  A party may not, however, seek a Rule 26(c) protective order to attempt to enforce, on a non-party's behalf, Rule 45(c)'s geographical limits or the requirement to provide a non-party a reasonable time to comply because those are non-party-specific protections that go beyond the scope of discovery matters covered by Rule 26(c)(1).[14]

---

irrelevant because only the responding third party can object and seek to quash a Rule 45 subpoena on those grounds.") (citations omitted).

[9] *Salmon v. Waffle House, Inc.*, No. 19-1349, 2020 WL 6708382, at *2 (E.D. La. Nov. 16, 2020) (citing *Frazier*, 2012 WL 832285, at *1).

[10] *Bounds*, 314 F.R.D. at 218 ("Nevertheless, a party has standing to move for a protective order pursuant to Rule 26(c) seeking to limit the scope of discovery, even if the party does not have standing pursuant to Rule 45(d) to bring a motion to quash a third-party subpoena.") (citing *Singletary v. Sterling Transp. Co.*, 289 F.R.D. 237, 240 n.2 (E.D. Va. 2012); *Auto–Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005); *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 22 (D.D.C. 2005)).

[11] *Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 786 (3d Cir. 1994) (citation and quotation omitted).

[12] *Blanchard & Co., Inc. v. Barrick Gold Corp.*, No. 02-3721, 2004 WL 737485, at *5 (E.D. La. Apr. 5, 2004).

[13] *E.E.O.C. v. BDO USA, L.L.P.,* 876 F.3d 690, 698 (5th Cir. 2017) (citing *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

[14] *Jim S. Adler, P.C. v. McNeil Consultants, LLC*, No. 19-2025, 2022 WL 1624785, at *2 (N.D. Tex. May 23, 2022).

## C. Plaintiffs Failed to Obtain Relief from the Discovery Deadline

A party may not use third party subpoenas to circumvent the discovery deadline.[15] A subpoenas duces tecum issued to a third party must comply with discovery deadlines to avoid being quashed.[16] When a party seeks discovery beyond the authorized period, that party must establish good cause to modify the deadlines in the Scheduling Order under Rule 16(b).[17] Good cause requires a showing that the relevant scheduling order deadline cannot reasonably be met despite the diligence of the party needing the extension.[18]

In determining whether a party has provided good cause to extend a deadline, courts examine several factors: "(1) the explanation for the untimely conduct; (2) the importance of the requested untimely action; (3) potential prejudice in allowing the untimely conduct; and (4) the availability of a continuance to cure such prejudice."[19] Additionally, courts consider (1) the length

---

[15] *Rosciszewski v. Marquette Transp. Co., LLC*, No. 17-6592, 2018 WL 3475368, at *1 (E.D. La. July 19, 2018) (noting that third party subpoenas are subject to the discovery deadline) (citations omitted).

[16] *Id.* at *1; *Becnel v. Salas*, No. 17-17965, 2018 WL 691649, at *2 (E.D. La. Feb. 2, 2018) (citing *Williamson v. Horizon Lines LLC*, 248 F.R.D. 79, 83 (D. Me. 2008)) ("'parties should not be allowed to employ a subpoena after a discovery deadline to obtain materials from third parties that could have been produced before discovery' ") (quoting 9A C. WRIGHT, A. MILLER, M. KAN, R. MARCUS, A. SPENCER, A. STEINMANN, FEDERAL PRACTICE AND PROCEDURE § 2452 (3d ed. 2018*));* *In re Papst Licensing GmbH Patent Litig.*, No. 99–1298, 2001 WL 797315, at *21 (E.D. La. July 12, 2001) (holding that third-party subpoenas duces tecum constitutes discovery and are subject to the same scope and limitations on discovery established in FED. R. CIV. P. 26(b)(1) and (2)) (citations omitted); *Black*, 2018 WL 488991, at *3 (stating subpoena duces tecum subject to discovery deadline).

[17] *See Parkcrest Builders, LLC v. Hous. Auth. of New Orleans*, No. 15-1533, 2017 WL 4156499, at *2 (E.D. La. Sep. 19, 2017) (analyzing motion to compel under good cause standard for changing deadline in a scheduling order under Rule 16(b)).

[18] *In re Pool Prods. Distrib. Mkt. Antitrust Litig.*, No. MDL 2328, 2014 WL 1154334, at *3 (citing *S&W Enters., L.L.C. v. South Trust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed.1990))); *see also Fucich Contracting, Inc. v. Shread-Kuyrkendall & Assocs., Inc.*, No. 18-2885, 2021 WL 6196978, at *2 (E.D. La. Dec. 30, 2021) (Ashe, J.) (citing *Garza v. Webb Cty.*, 296 F.R.D. 511, 513 (S.D. Tex. 2014) (citing *S&W Enters., L.L.C.*, 315 F.3d at 535)).

[19] *Huey v. Super Fresh/Sav-A-Center, Inc.*, No. 07-1169, 2008 WL 2633767, at *1 (E.D. La. June 25, 2008) (citing *S&W Enters., LLC*, 315 F.3d at 535 (quoting *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997) (quoting *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)))); *accord Leza v. City of Laredo*, 496 F. App'x 375, 376 (5th Cir. 2012); *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007) (citations omitted). The Fifth Circuit has suggested that the *Geiserman* test is the appropriate analysis where a party seeks to re-open discovery after the deadline has passed. *Colonial Freight Sys., Inc. v. Adams & Reese, L.L.P.*, 524 F. App'x 142, 145 (5th Cir. 2013); *see also Pool Prod. Distrib. Mkt. Antitrust Litig.*, 2014 WL 1154334, at *3. ("The Fifth Circuit has used [the *Geiserman* test] to determine whether good cause exists . . . [for] a failure to produce discovery to the opposing party in accordance with a court-imposed deadline . . . The Fifth Circuit has suggested that the *Geiserman*

of time since the expiration of the deadline, (2) the length of time that the moving party has known about the need for the deposition, (3) whether the deadline has been extended, (4) whether dispositive motions have been scheduled or filed, (5) the age of the case, and (6) disruption of the court's schedule.[20]  The Fifth Circuit reviews the trial court's decision to grant or deny a motion to modify a discovery schedule for abuse of discretion.[21]

### D. Analysis

Initially, to proceed with the discovery sought at this time, Plaintiffs should have obtained relief from the Court's Scheduling Order, in accordance with Rule 16(b) of the Federal Rules of Civil Procedure.  Absent a modification of the Scheduling Order, the issuance of discovery after expiration of the deadline is improper.

Considering the relevant factors required by Rule 16, Plaintiffs have established good cause to proceed with discovery as to Terminix.  Had Defendants produced the Terminix report in May 2024, Plaintiffs would have had ample time to issue the subpoena duces tecum well before expiration of the discovery deadline.  Defendants failed, however, to produce same until the deposition of Mr. Goldberg on July 18, 2024.  Defendants' boilerplate objections and use of the ambiguous "subject to and without waiving same" language does not justify the failure to produce responsive documents.  Given the short time between disclosure of the report and issuance of the subpoena, coupled with the failure to produce same two months earlier when required by the Request for Production, the Court finds good cause to modify the Scheduling Order to allow Plaintiffs to proceed with discovery as to Terminix.

---

test is also the appropriate method of analysis where, as here, a party seeks to re-open discovery after the deadline has passed.") (citing *Colonial Freight Sys., Inc.*, 524 F. App'x at 145).
[20] *See Days Inn. Worldwide, Inc. v. Sonia Invs.*, 237 F.R.D. 395, 398 (N.D. Tex. 2006) (citing cases).
[21] *Million v. Exxon Mobil Corp.*, 837 F. App'x 263, 266 (5th Cir. 2020) (citing *Reliance Ins. Co.*, 110 F.3d at 257).

Plaintiffs have not, however, established good cause to conduct discovery as to Sedgwick or EFI. Indeed, they make no substantive mention of these two entities in their opposition nor suggest in any way that they were not aware of these entities' involvement in the claim. Instead, the only argument raised is lack of standing. And, as set forth above, while a party may lack standing to quash a third party subpoena, it does have standing to seek a protective order under Rule 26, which is appropriate in this case.

### III.  CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendants' Motion to Quash (ECF No. 64) will be construed as a Motion for Protective Order and is GRANTED IN PART AND DENIED IN PART on that basis for the reasons set forth herein.

IT IS FURTHER ORDERED that the discovery deadline is extended through the August 22, 2024, return date to allow Plaintiffs to obtain the documents sought from Terminix.

New Orleans, Louisiana, this 20th day of August, 2024.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE